THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-21766–JLK

ALBERTO DOMINGUEZ,
individually,

    **Plaintiff,**

vs.

The CITY OF SWEETWATER, a
political subdivision of the State of Florida,
PAUL ABREU, individually, and THE ESTATE OF
ELADIO PARRA, deceased, or SURVIVING SPOUSE
or NEXT OF KIN

    **Defendants.**
_____/

### **PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, ALERBTO DOMINGUEZ, sues the Defendants, The CITY OF SWEETWATER, PAUL ABREU, and ELADIO PARRA, and alleges:

### **JURISDICTION AND VENUE**

1. This is an action for damages in excess of $15,000.00, exclusive of costs and interest, and a civil rights claim pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

2. Venue properly lies in Miami-Dade County as the incident in question occurred in the city of Sweetwater, Florida.

### **THE PARTIES**

3. ALBERTO DOMINGUEZ is a citizen of the state of Florida over the age of majority who resides in Miami-Dade County, Florida.

4. The Defendant CITY OF SWEETWATER (the "CITY") is a political subdivision of the State of Florida . At all times material to the allegations contained in this Complaint, the CITY was the employer of the other Defendants and operated the Sweetwater Police Department.

5. At all times material to the allegations contained in this Complaint, Defendants PAUL ABREU and ELADIO PARRA, deceased, now being sued in the name of the ESTATE OF ELADIO PARRA or SURVIVING SPOUSE OR NEXT OF KIN, were citizens of the State of Florida, residents of Miami-Dade County, Florida, and employed by the City of Sweetwater as police officers with the Sweetwater Police Department.

6. Plaintiff has complied with all conditions precedent to the filing of this lawsuit pursuant to §768.28 Florida Statutes.

## STATEMENT OF FACTS

7. At about 1:20 a.m. on April 17, 2010, OFFICER ABREU was involved in the arrest of the Plaintiff, ALBERTO DOMINGUEZ, an alleged committing a criminal mischief.

8. A short time after arriving at the scene at 11239 NW Flagler Lane, Sweetwater, Florida, OFFICER ABREU arrested Plaintiff DOMINGUEZ and placed him in handcuffs, all without incident.

9. Sweetwater Police Detective J.P. Wrves assisted OFFICER ABREU in placing Plaintiff DOMINGUEZ in the back seat of OFFICER ABREU'S vehicle.

10. OFFICER ABREU transported Plaintiff DOMINGUEZ, by himself, to the Sweetwater Police Department.

11. Once at the Sweetwater Police Department, OFFICER ABREU escorted Plaintiff DOMINGUEZ into the Sweetwater Police Department building, by himself.

12. Approximately 30 seconds after OFFICER ABREU escorted Plaintiff DOMINIGUEZ into the "processing area" OFFICER ABREU grabbed Plaintiff DOMINGUEZ around the throat and in a violent manner thrust Plaintiff DOMINGUEZ to the floor.

13. Plaintiff DOMINGUEZ hit a chair and suffered injuries to his head as a result of the excessive force used by OFFICER ABREU.

14. Plaintiff DOMINGUEZ was so stunned by OFFICER ABREU'S actions that he became scared and attempted to reason with OFFICER ABREU pleading and asking OFFCIER ABREU to stop hurting him while at the same time trying to maintain eye contact with OFFICER ABREU because Plaintiff DOMINGUEZ feared for his life.

15. While Plaintiff DOMINGUEZ was on the floor, OFFICER ABREU continued to use excessive force against Plaintiff ABREU, including but not limited to, grabbing Plaintiff by the neck, pulling on Plaintiff's handcuffed arms exerting exceedingly great pain, shoving and pulling Plaintiff DOMINIGUEZ across the floor.

16. At some point during OFFICER ABREU'S unwarranted and unjustified use of excessive force against Plaintiff DOMINGUEZ, OFFICER ABREU placed Plaintiff DOMINGUEZ on his stomach and OFFICER ABREU pulled up, tugging on DOMINGUEZ' handcuffed arms causing Plaintiff DOMINGUEZ to suffer a great deal of pain.

17. A short time later, another Sweetwater Police Officer, OFFICER PARRA, entered the area where Plaintiff DOMINGUEZ was being held down by OFFICER ABREU. OFFICER PARRA grabbed Plaintiff's clothes and dragged Plaintiff DOMINGUEZ across the floor and into a "holding cell".

18. At all times relevant hereto, from the time of his arrest to the time he was dragged into the "holding cell", Plaintiff DOMINGUEZ had his arms handcuffed behind his back.

19. At all times material hereto, from the time of his arrest to the time he was dragged into the "holding cell", Plaintiff DOMINGUEZ posed no threat, resisted in any manner whatsoever, or provoked OFFICER ABREU in any way.

20. After the Plaintiff was placed in the holding cell OFFICER ABREU prepared a sworn arrest affidavit wherein he falsely charged the Plaintiff with resisting the officers while using violence as well as resisting the officers without the use of violence.

21. In the arrest affidavit, OFFICER ABREU falsely swore that he ordered the Plaintiff numerous times to place his hands on the desk inside the police station and when the Plaintiff refused to obey his command, OFFICER ABREU swore he needed to subdue the Plaintiff as described above.

22. OFFICER ABREU knew that the arrest affidavit was false because at all times the Plaintiff was handcuffed with his hands behind his back, which would have made it impossible for him to carry out OFFICER ABREU'S command.

23. OFFICER ABREAU knew that at no time did the Plaintiff resist either officer while in the performance of their duties.

24. At all times material hereto, neither OFFICER ABREU, nor OFFICER PARRA, had probable cause to use excessive force against Plaintiff DOMINGUEZ.

25. Subsequently, in a television interview, Police Chief Roberto Fulgueira ratified the Defendants' behavior in dealing with Plaintiff DOMINGUEZ.

**COUNT I - 42 U.S.C. § 1983 CLAIM AGAINST OFFICER ABREU AND THE ESTATE OF ELADIO PARRA or SURVIVING SPOUSE or NEXT OF KIN, FOR THE USE OF EXCESSIVE FORCE**

26. DOMINGUEZ adopts and incorporates the allegations of paragraphs 1-25 as if fully set forth herein and further alleges:

27. On or about April 17, 2010, while acting under the color of state law as a police officer employed by the City of Sweetwater, Defendant ABREU choked the Plaintiff, threw the him to the floor and caused serious bodily injury all while the Plaintiff was handcuffed and in the City of Sweetwater Police Department.

28. On or about April 17, 2010, while acting under the color of state law as a police officer employed by the City of Sweetwater, Defendant PARRA dragged the Plaintiff into a holding cell all while the Plaintiff was handcuffed and in the City of Sweetwater Police Department.

29. The Plaintiff had been seized by Defendant ABREU and was not resisting either of the OFFICERS in any manner.

30. Without legal cause or justification, the OFFICERS used force that was excessive, unnecessary, and disproportionate to that which was necessary to arrest or subdue the Plaintiff.

31. The force that OFFICERS ABREU and PARRA used on DOMINGUEZ was objectively unreasonable under all of the facts and circumstances confronting them and violated DOMINGUEZ' clearly established rights under the Fourth Amendment to the United States Constitution to be free from excessive and unreasonable search and seizure while in police custody.

32. No reasonable police officer confronted with the facts and circumstances confronting the OFFICERS would have believed that the force they used on DOMINGUEZ in April 17, 2010, was objectively reasonable and not in violation of DOMINGUEZ' clearly established rights under the Fourth Amendment to the United States Constitution.

33. As a direct and proximate result of the OFFICERS' actions, DOMINGUEZ sustained bodily injury and resulting pain and suffering, mental anguish, emotional distress,

psychological injury, embarrassment and humiliation. These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and DOMINGUEZ will continue to suffer them on an ongoing basis into the future;

Wherefore the Plaintiff is entitled to:

    A. Compensatory damages for the physical and mental injuries suffered.

    B. Punitive damages.

    C. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

### COUNT II - 42 U.S.C. § 1983 CLAIM AGAINST THE ESTATE OF ELADIO PARRA or SURVIVING SPOUSE or NEXT OF KIN, FOR FAILURE TO INTERVENE

34. DOMINGUEZ adopts and incorporates by reference allegations of paragraphs 1-25 as if fully set forth herein and further alleges:

35. On or about April 17, 2010, OFFICER PARRA while acting under the color of state law as a police officer employed by the City of Sweetwater, was present during a period of time when OFFICER ABREU was using excessive force against Plaintiff DOMINGUEZ in violation of DOMINGUEZ' rights under the Fourth Amendment to the United States Constitution.

36. OFFICER PARRA witnessed OFFICER ABREU tugging on the Plaintiff's wrists while Plaintiff was handcuffed behind his back and laying on the ground.

37. OFFICER PARRA failed to intervene to protect DOMINGUEZ from the unconstitutional acts even though he had ample time to do so.

38. In fact rather than intervening, OFFICER PARRA joined in the abusive behavior and dragged Plaintiff DOMINGUEZ on his stomach across the floor and into a holding cell, all

in violation of DOMINGUEZ' S rights under the Fourth Amendment to the United States Constitution.

39. OFFICER PARRA'S failure to intervene, under all of the facts and circumstances confronting him, itself constitutes an actionable violation of DOMINGUEZ' constitutional rights.

40. A police officer's duty to intervene when the officer witnesses the use of unconstitutional excessive force with the time and ability to intervene was clearly established in April, 2010.

41. No reasonable police officer confronted with the facts and circumstances confronting OFFICER PARRA would have believed that his failure to intervene, in the face of the unconstitutional excessive force being inflicted on Plaintiff DOMINGUEZ, was objectively reasonable;

42. As a direct and proximate result of the OFFICER PARRA'S failure to intervene, DOMINGUEZ sustained bodily injury and resulting pain and suffering, mental anguish, emotional distress, psychological injury, embarrassment and humiliation. These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and DOMINGUEZ will continue to suffer them on an ongoing basis into the future;

Wherefore the Plaintiff is entitled to:

    A. Compensatory damages for the physical and mental injuries suffered.

    B. Punitive damages.

    C. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

### COUNT III - 42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF SWEETWATER

43. DOMINGUEZ adopts and incorporates by reference the allegations of paragraphs 1-25, as if fully set forth herein and further alleges:

44. The Defendant CITY OF SWEETWATER has permitted, tolerated, and condoned a culture within the ranks of the City of Sweetwater Police Department, the use of excessive force in violation of the Constitution of the United States of America.

45. Sweetwater Chief of Police Roberto Fulgueira stated in an interview to a local television station that he knows Sweetwater has a reputation for abusing prisoners.

46. On a number of occasions, including in 2003 when Peter Daniel was nearly beaten to death by four Sweetwater police officers, the Sweetwater Police have used excessive force on prisoners in their custody, and this behavior has been tolerated by the final policy maker of the City.

47. This culture, through the final policy-maker Mayor Manuel Marono, has risen to the level of policy or custom such that the CITY is responsible for the unconstitutional actions of their employees.

48. Officers Abreu and Parra used excessive force on DOMINGUEZ that violated the Plaintiff's right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

49. The custom and policy of the CITY through its policy maker, Mayor Marono, was the primary moving force behind the actions of the CITY'S officers.

50. As a direct and proximate result of the CITY'S actions, DOMINGUEZ sustained bodily injury and resulting pain and suffering, mental anguish, emotional distress, psychological injury, embarrassment and humiliation. These injuries and damages and the resulting losses

therefrom, are permanent and continuing in nature and DOMINGUEZ will continue to suffer them on an ongoing basis into the future;

Wherefore the Plaintiff is entitled to:

A. Compensatory damages for the physical and mental injuries suffered.

B. Punitive damages.

C. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

### COUNT IV - STATE LAW CLAIM AGAINST THE CITY FOR BATTERY

51. DOMINGUEZ adopts and incorporates by reference the allegations of paragraphs 1-25, as if fully set forth herein and further alleges:

52. On or about April 17, 2010, Defendant City of Sweetwater police officers Abreu and Parra intentionally touched and caused bodily harm to the Plaintiff by choking him, throwing him to the ground and dragging him into a holding cell. The unlawful touching of the Plaintiff constituted excessive force and was accomplished without the consent and against the will of the Plaintiff.

53. Officers Abreu and Parra were acting within the course and scope of their employment as City of Sweetwater police officers when they unlawfully touched the Plaintiff. The City of Sweetwater is responsible for the actions of its employees while engaged within the course and scope of their employment.

54. As a direct and proximate result of the actions of Officers Abreu and Parra the Plaintiff suffered both physical and mental injuries and is entitled to relief.

Wherefore the Plaintiff is entitled to:

A. Compensatory damages for the physical and mental injuries suffered.

    B. Costs of this action.

    C. Any other remedy the Court deems appropriate.

### COUNT V - 42 U.S.C. § 1983 CLAIM AGAINST OFFICER ABREU FOR COVER UP OF EXCESSIVE FORCE

55. DOMINGUEZ adopts and incorporates by reference the allegations of paragraphs 1-25, as if fully set forth herein and further alleges:

56. On or about April 17, 2010, while acting under the color of state law as a police officer employed by the City of Sweetwater, Defendant ABREU falsified a sworn arrest affidavit in order to cover up his use of excessive force against the Plaintiff.

57. The cover up violated DOMINGUEZ' rights as guaranteed under the Fourteenth Amendment to the United States Constitution.

58. As a direct and proximate result of the OFFICER ABREU'S actions, DOMINGUEZ sustained continued bodily injury, pain and suffering, mental anguish, emotional distress, psychological injury, embarrassment and humiliation. These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and DOMINGUEZ will continue to suffer them on an ongoing basis into the future;

Wherefore the Plaintiff is entitled to:

    A. Compensatory damages for the physical and mental injuries suffered.

    B. Punitive damages.

    C. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

**DEMAND FOR JURY TRIAL**

Plaintiff, ALBERTO DOMINGUEZ, demands a trial by jury on all counts and all issues so triable as of right.

Dated this 2nd day of June, 2013.

                                                Respectfully submitted,

                                                LAW OFFICES OF CHAVEZ AND DE LEON, P.A.
5975 Sunset Dr, Suite 605
South Miami, Fl. 33143
Phone: (305) 740-5347
Fax: (305) 740-5348

By:*/s/ Alan Greenstein*
  ALAN GREENSTEIN
  Florida Bar No.: 237817