UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-cv-21766-KING

ALBERTO DOMINGUEZ,

Plaintiff,

v.

CITY OF SWEETWATER, a
political subdivision of the State of Florida,
PAUL ABREU, individually, and the ESTATE
OF ELADIO PARRA, deceased, or SURVIVING
SPOUSE or NEXT OF KIN,

Defendants.
_____/

## ORDER DENYING DEFENDANT PAUL ABREU'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant Paul Abreu's Motion for Summary Judgment (DE 31), filed September 15, 2014.[1] In this action arising under 42 U.S.C. § 1983, Alberto Dominguez alleges that Officer Paul Abreu used excessive force against him in violation of his Fourth Amendment rights, after he had already been arrested and was in handcuffs at the Sweetwater police station. In Abreu's motion for summary judgment, he argues that he is entitled to qualified immunity and that any force he used against Dominguez was *de minimis*. Because material facts remain in dispute, Abreu's Motion for Summary Judgment must be denied.

---

[1] The Court has also considered the response and reply thereto; the supporting deposition transcripts and affidavit filed by the parties; and a conventionally filed DVD containing a video of the incident at issue in this case (*see* DE 41).

1

## I. BACKGROUND

The Court has reviewed the parties' competing statements of material facts, and the following facts are not genuinely disputed: After arresting Dominguez at his home for alleged criminal mischief on April 17, 2010, Abreu placed Dominguez in his patrol car, drove to the Sweetwater police station, and escorted Dominguez inside. Shortly after Abreu and Dominguez entered the police station, Abreu grabbed Dominguez and threw him to the ground. Dominguez's head hit a metal chair on the way down, which caused a laceration above his eye that required stitches. During this interaction, Abreu and Dominguez were alone and Dominguez was handcuffed with his hands behind his back. After Dominguez was on the ground, Abreu called Officer Eladio Parra. Abreu pulled and held Dominguez's arms upward while he was still handcuffed and lying on his stomach. Officer Parra arrived and dragged Plaintiff across the floor into a holding cell. The incident is captured on video, recorded on a DVD that Plaintiff conventionally filed with the Clerk of Court (*see* DE 41).

The parties genuinely dispute, however, the following material facts: Abreu contends that Dominguez was combative and resistant, that he kept moving closer to Abreu, and that he made Abreu fearful that he might try to get Abreu's weapon. Dominguez counters that he was compliant, non-resistant, and did not step toward Abreu or make any threatening gestures toward him.

## II. STANDARD ON MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is

2

entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.* at 256. On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *Id.* at 255. In reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence or undertaking credibility determinations. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010).

### III. DISCUSSION

In determining whether Abreu is entitled to qualified immunity, the Court "concentrate[s] at the outset on the definition of the constitutional right and to determine whether, on the facts alleged, a constitutional violation could be found." *Saucier v. Katz*, 533 U.S. 194, 207 (2001). The Court must also consider whether the right alleged to have been violated was clearly established. *Lee v. Ferraro*, 248 F.3d 1188, 1197 (11th Cir. 2002) (citing *Saucier*, 533 U.S. at 201).[2]

As detailed above, Dominguez genuinely disputes the material facts in this case. What was said between Abreu and Dominguez, whether Dominguez was compliant or resistant, whether he was threatening or non-threatening, or attempting to flee, are all

---

[2] After *Pearson v. Callahan*, the Court is not required to analyze these questions in any particular order. 555 U.S. 223, 236 (2009).

3

material to the alleged constitutional violation in this case.[3] Dominguez alleges sufficient facts that, if credited by the factfinder, can show a constitutional violation that was clearly established.[4] This precludes summary judgment in favor of Abreu on the basis of qualified immunity.

Abreu nevertheless argues that he is entitled to summary judgment because he used only *de minimis* force. While the Eleventh Circuit "'has established the principle that the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment,'" *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000) (quoting *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000)), "this principle has never been used to immunize officers who use excessive and gratuitous force after a suspect has been subdued, is not resisting, and poses no threat." *Saunders*, 766 F.3d at 1269–70. Again, the genuinely disputed facts preclude summary judgment on this issue. The "evidential foundation" adduced by Dominguez "is sufficient to raise a question of fact as to whether the officer['s] actions constituted excessive and not de minimis force." *Slicker*, 215 F.3d at 1233. Abreu's Motion for Summary Judgment must be denied.

---

[3] *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (enumerating relevant factors in determining the reasonableness of an officer's actions under the Fourth Amendment, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.").

[4] The Eleventh Circuit has held that "a handcuffed, non-resisting defendant's right to be free from excessive force was clearly established in February 2002." *Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir. 2008) (citing *Lee*, 284 F.3d 1188); *Saunders v. Duke*, 766 F.3d 1262, 1268 (11th Cir. 2014) (same).

Therefore, it is **ORDERED, ADJUDGED, and DECREED,** that Defendant Paul Abreu's Motion for Summary Judgment **(DE 31)** be, and the same is, hereby **DENIED.**

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 31st day of October, 2014.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record